# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISA RODUSKY,<br><br>               Plaintiff,<br><br>    v.<br><br>ANDREW M. SAUL,<br>Commissioner of Social Security,<br><br>               Defendant. | Case No. CV 18-08505-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On October 3, 2018, Marisa Rodusky ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Child's Insurance benefits and for Supplemental Security Income benefits. (Dkt. 1.) The Commissioner filed an Answer on February 4, 2019. (Dkt. 16.) On May 10, 2019, the parties filed a Joint Stipulation ("JS"). (Dkt. 19.) The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 25 year-old female who applied for Child's Insurance benefits and Supplemental Security Income benefits on July 30, 2015, alleging disability beginning January 1, 2014. (AR 23.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since January 1, 2014, the alleged onset date.[1] (AR 25.)

Plaintiff's claims were denied initially on January 26, 2016. (AR 23.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") James Carberry on June 15, 2017, in Norwalk, California. (AR 23.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 23.) Vocational expert ("VE") Joseph H. Torres also appeared and testified at the hearing. (AR 23.)

The ALJ issued an unfavorable decision on July 6, 2017. (AR 23-31.) The Appeals Council denied review on August 8, 2018. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly addressed the opinions of the consultative examiner.
2. Whether the ALJ properly considered the opinions of the State Agency psychologist.
3. Whether the ALJ properly developed the record.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

---

[1] Born on June 19, 1994, Plaintiff had not attained age 22 as of January 1, 2014, her alleged onset date. (AR 25.)

2

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment

meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since January 1, 2014, the alleged onset date. (AR 25.)

4

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: morbid obesity; degenerative disc disease with spondylosis; and a depressive disorder with anxiety. (AR 25.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 26-27.)

The ALJ then found that Plaintiff has the RFC to perform medium work, as defined in 20 CFR §§ 404.1567(c) and 416.967(c), with the following limitations:

> Claimant is able to lift, carry, push, and pull 25 pounds frequently and 50 pounds occasionally; able to stand and/or walk six hours in an eight-hour workday; able to sit six hours in an eight-hour workday; able to climb ladders, ropes and scaffolds occasionally; otherwise, able to perform frequent climbing, as well as frequent crouching, balancing, stooping, crawling and kneeling; able to perform frequent gross and fine manipulative tasks; unable to work at unprotected heights or near dangerous machinery; and able to perform only simple, routine tasks, requiring no more than occasional interaction with the general public, co-workers, or supervisors.

(AR 27-29.) In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations were "not entirely consistent" with the medical evidence and other evidence of record. (AR 28.) Plaintiff does not challenge this finding.

At step four, the ALJ found that Plaintiff has no past relevant work. (AR 29.) The ALJ, however, also found at step five that, considering Claimant's age, education, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of janitorial worker and warehouse worker. (AR 29-30.)

Consequently, the ALJ found that Claimant is not disabled within the meaning of the Social Security Act. (AR 30-31.)

# DISCUSSION

The ALJ decision must be affirmed. The ALJ's RFC is supported by substantial evidence. The ALJ did not fail to fully develop the record.

## I. THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE

Plaintiff contends that the ALJ improperly rejected the opinions of consulting examiner Dr. Zhang and State agency reviewing physician Dr. Myles Friedland. The Court disagrees.

### A. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician,

the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.    Analysis**

Plaintiff, a 25-year-old woman, alleges she is unable to work due to obesity, depression, high blood pressure, back and right leg problems, anxiety, and skin fungus. (AR 28.) She claims she has difficulty sitting or standing and cannot lift even five pounds. (AR 28.) She says she has a mass on her neck, but the consulting examiner did not observe any mass and the medical evidence of record does not document any mass. (AR 28.) She also alleges panic attacks every week or two. (AR 28.) The ALJ did find that Plaintiff has the medically determinable impairments of morbid obesity, degenerative disc disease with spondylosis, and depressive disorder with anxiety. (AR 25.) The ALJ, however, also found that Plaintiff had the residual functional capacity to perform a restricted range of medium work limited to "only simple, routine tasks, requiring no more than occasional interaction with the general public, co-workers, or supervisors." (AR 27.)

On December 9, 2015, Plaintiff underwent a consultative psychological examination with Dr. J. Zhang, Psy. D. (AR 349-355.) His findings on which the ALJ relied are set forth in Finding No. 4 on severity. (AR 26-27.) Dr. Zhang diagnosed depressive disorder, with anxiety. (AR 352.) Dr. Zhang opined Plaintiff would be moderately impaired in several areas of mental functioning: the ability to understand, remember, and carry out detailed and complex instructions; to maintain concentration, persistence, and pace; to interact appropriately with co-workers, supervisors, and the public; and to respond appropriately to changes in the work setting. (AR 353.) Plaintiff was mildly impaired in daily work activity and in maintaining consistent attendance. (AR 353.)

Plaintiff contends that the ALJ did not discuss Dr. Zhang's opinions when addressing Plaintiff's RFC, did not include any of Dr. Zhang's limitations in Plaintiff's RFC, and rejected Dr. Zhang's opinion without explanation. The ALJ, however, did not reject Dr. Zhang's opinion. He relied on Dr. Zhang's opinions and limitations in Finding No. 4 on severity. (AR 26-27.) Dr. Zhang's opinions (AR 353) were not an RFC determination because Dr. Zhang did not assess whether Plaintiff could perform any unskilled work. There was no reason, therefore, to discuss Dr. Zhang's opinion in Finding No. 5 regarding Plaintiff's RFC.

The ALJ, moreover, translated Dr. Zhang's opinions into the RFC he assessed. The Ninth Circuit has held that an RFC finding of unskilled work (simple, repetitive tasks) is consistent with findings that a claimant had moderate limitations in concentration, persistence, and pace. Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1173-76 (9th Cir. 2008). The Ninth Circuit also has rejected a claim like the one here that the ALJ should have included moderate limitations in concentration and pace in the RFC. Mitchell v. Colvin, 642 F. App'x 731, 732-33 (9th Cir. 2016). The Court there held that the ALJ adequately accounted for the Claimant's moderate limitations in concentration, persistence, and pace by limiting Plaintiff to simple, repetitive tasks in the RFC. Id.

The State agency reviewing physician Dr. Myles Friedland did provide an RFC assessment. (AR 29, 76-79.) Like Dr. Zhang, Dr. Friedland made findings regarding Plaintiff's mental limitations, including moderate limitations in concentration and persistence. (AR 78,

92.) Dr. Friedland, however, also assessed an RFC for "simple one and two-step mental tasks" with "limited contact with co-workers and the general public." (AR 79, 93.)  See Stubbs, 539 at 1173 (consulting examiner did not assess "whether [claimant] could perform unskilled work on a sustained basis" but the State agency psychologist did when he concluded Plaintiff retained the ability to "carry out simple tasks".)  Relying on Dr. Friedman's opinion, the ALJ determined that Plaintiff had the mental RFC to perform "only simple, routine tasks, requiring no more than occasional interaction with the general public, co-workers and supervisors." (AR 27.)

Thus, the ALJ did not reject Dr. Zhang's opinion.  There was no reason to discuss Dr. Zhang's mental limitations when addressing Plaintiff's RFC because Dr. Zhang's opinions were not an RFC assessment.  Nor was there any reason to include moderate limitations in concentration and pace in the RFC.  See Stubbs, 539 F.3d at 1173-74 (ALJ did not reject the consultative examiner's findings but "properly incorporated . . . [mild and moderate] limitations . . . related to pace and . . . other mental limitations regarding attention, concentration and adaptation" in assessing an RFC for "simple, routine, repetitive" work").  The ALJ properly translated Dr. Zhang's and Dr. Friedland's mild to moderate mental limitations into an RFC for simple, routine tasks.  Id. at 1174.

Plaintiff makes the same argument regarding Dr. Friedland as he made about Dr. Zhang.  Plaintiff contends that Dr. Friedland found Plaintiff has moderate limitations in certain areas of mental functioning that were not discussed in Finding No. 5 regarding Plaintiff's RFC and were not included in Plaintiff's RFC.  Again, the limitations Plaintiff identifies are not an RFC because they do not assess Plaintiff's ability to perform in the workplace.  Dr. Friedland, however, did limit Plaintiff to "simple one and two-step mental tasks" with "limited contact with co-workers and the general public." (AR 79, 93.)  The ALJ did not reject Dr. Friedland's limitations.  He incorporated them into Plaintiff's RFC.

The ALJ did not reject the opinions of Dr. Zhang or Dr. Friedland.  The ALJ's RFC is supported by substantial evidence.

**II.     THE ALJ DID NOT FAIL TO FULLY DEVELOP THE RECORD**

Dr. Zhang diagnosed Plaintiff with depressive disorder, with anxiety and "Rule out, borderline intellectual functioning." (AR 352.) Plaintiff contends that the ALJ should have developed the record by ordering psychometric testing to determine whether Plaintiff had the impairment of borderline intellectual functioning, whether it was severe, and whether it meets or equals Listing 12.05.

The ALJ does have a special duty to develop the record fully and fairly. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001); Smolen, 80 F.3d at 1288. The duty to develop the record further, however, is "triggered only when there is ambiguous evidence or when the record is inadequate to allow proper evaluation of the evidence." Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001). A claimant has the burden to prove disability with medical and other evidence. 20 C.F.R. § 404.1512(a); Burch v. Barnhart, 400 F.3d 676, 683 (9th Cir. 2005). The regulations leave it to the agency's discretion whether to order a consultative examination. 20 C.F.R. § 404.1519a(a).

Here, the record evidence is neither ambiguous nor inadequate in regard to Plaintiff's mental status. Dr. Zhang, after noting Plaintiff demonstrates below average intellectual functioning, nonetheless concluded that Plaintiff had no impairment with respect to carrying out simple instructions, and only mild impairments in carrying out routine work activity, including consistent attendance and basic safety. (AR 352-353.) Dr. Friedland found that Plaintiff had only mild limitation in performing activities of daily living. (AR 74.) He concluded that Plaintiff could perform simple one and two-step mental tasks with limited contact with co-workers and the general public. (AR 79, 93.) The ALJ was entitled to rely on Dr. Zhang's findings and Dr. Friedland's RFC opinion and findings regarding Plaintiff's work-related functional limitations. The ALJ, moreover, found Plaintiff's subjective symptom allegations "not entirely consistent" with the medical evidence and other evidence of record. (AR 28.) Plaintiff does not challenge this finding. This Court "must uphold an ALJ's decision so long as it is supported by substantial evidence and it is not based on legal error." Lockwood v. Comm'r of Soc. Sec., 616 F.3d 1068, 1071 (9th Cir. 2010). No regulation or case law requires an ALJ to obtain an additional

examination or testing simply because the ALJ found that the evidence of record does not support disability.

Plaintiff contends that the record is inadequate to evaluate Plaintiff's mental impairments, but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001); Thomas, 278 F.3d at 954 ("Where the evidence is susceptible to more than rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

The ALJ did not fail to fully develop the record.

\* \* \*

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: November 21, 2019            */s/ John E. McDermott*
                                                       JOHN E. MCDERMOTT
                                         UNITED STATES MAGISTRATE JUDGE